| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------------- x<br>:<br>TRUSTEES FOR THE MASON TENDERS :<br>DISTRICT COUNCIL WELFARE FUND, :<br>PENSION FUND, ANNUITY FUND, AND :<br>TRAINING PROGRAM FUND ET AL., :<br>:<br>                            **Petitioners,** :<br>:<br>        -against- :<br>:<br>EURO-BUILD CONSTRUCTION CORP., :<br>:<br>                            **Respondent.** :<br>:<br>------------------------------------------------------------------- x | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC#: _____<br>DATE FILED: ___4/15/2022___<br><br>1:19-CV-10763-ALC<br><br>**<u>ORDER GRANTING</u>**<br>**<u>PETITION TO CONFIRM</u>**<br>**<u>ARBITRATION AWARD</u>** |

**ANDREW L. CARTER, JR., United States District Judge:**

      Petitioners seek confirmation of an arbitration award entered against Respondent Euro-Build Construction Corporation. The petition is unopposed. Upon review of the petition, declaration from Petitioners' counsel Haluk Savci, exhibits, and the memorandum of law, the petition is **GRANTED** because the arbitration proceeding accorded with the relevant agreements and the decision of the arbitrator was based on uncontested evidence.

      The Trustees for the Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund and Training Program Fund ("the Funds") and Robert Bonanza, Business Manager of the Mason Tenders District Council of Greater New York and Long Island ("MTDC" or "the Union") (collectively, the "Petitioners") seek to confirm and enforce the November 21, 2018 opinion and default arbitration award ("the Award") issued during proceedings against Euro-Build Construction Corporation ("Euro-Build" or "Respondent") before Impartial Arbitrator Joseph Harris. As party to the 2002-2005 Mason Tenders District Council of Greater New York

1

Master Independent Collective Bargaining Agreement (the "CBA"), Euro-Build must contribute financially to the Funds for all employees covered under the CBA. Pet ¶ 7. As set forth in the Trust Agreements, the Trustees—*i.e.*, Petitioners—are authorized to demand payment, take legal action, or otherwise take steps to collect and receive contributions from Euro-Build for "unpaid contributions; interest on unpaid contributions . . . liquidated damages; reasonable attorneys' fees and costs of the action." Pet. ¶¶ 8–13. Allegations arose that Respondent had failed to make fringe benefit and other contributions to the Funds for the period April 1, 2014 through November 29, 2017 based on the examination of books and records by the Funds' auditors. Pet. ¶ 14. Mr. Harris received the dispute on or about October 18, 2018; held a hearing on November 19, 2018; and, on January 8, 2018, determined that Euro-Build had violated the CBA and Trust Agreements and ordered it to pay the Funds a total of $29,279.25—which consisted of $16,467.01 in unpaid fringe benefits; $1,179.08 in unpaid dues and PAC contributions; $4,830.32 in audit costs; $1,634.28 in current interest; $3,368.56 in liquidated damages; $500.00 in attorney fees; and $1,300.00 in arbitration costs. Pet. ¶¶ 15–17; Pet., Ex. 1. Euro-Build has made no payments since Mr. Harris issued the Award. Pet. ¶ 18.

"Arbitration awards are not self-enforcing" and only go into effect when converted into judicial orders. *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006). The Federal Arbitration Act (FAA), 9 U.S.C. § 1, *et seq*. provides a "streamlined" process for parties seeking "a judicial decree confirming an award*." Hall St. Assocs. L.L.C. v. Mattel, Inc*., 552 U.S. 576, 582, (2008). "[D]efault judgments in the confirmation/vacatur [of arbitration] proceedings are generally inappropriate." *D.H. Blair*, 462 F.3d at 109. Instead, the court conducts a summary proceeding, "merely mak[ing] what is already a final arbitration award a judgment of the court." *Id*. at 110 (internal quotation marks and citations omitted). Courts must give great deference to

2

an arbitrator's decision. *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003). "The arbitrator's rationale for an award need not be explained," and "[o]nly a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award." *D.H. Blair*, 462 F.3d at 104 (internal quotation marks and citations omitted).

Courts in the Second Circuit evaluate unopposed motions to confirm an arbitration award under the same legal standard as a motion for summary judgment. *See D.H. Blair*, 462 F.3d at 109–10. To prevail, the movant must "show[ ] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must view all facts "in the light most favorable" to the non-moving party and "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (internal quotation marks and citations omitted).

When evaluating an unopposed motion to confirm an arbitration award, courts "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *D.H. Blair*, 462 F.3d at 110 (internal quotation marks and citations omitted). "If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied even if no opposing evidentiary matter is presented." *Id.* Where "[t]here is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law [ . . . ] a court must grant an order to confirm an arbitration award upon the timely application of a party." *Trustees of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Galway Dev. Corp.*, No. 19-CV-278 (PAE),

2019 WL 1567713, at *3 (S.D.N.Y. Apr. 10, 2019) (internal quotation marks and citations omitted).

Upon close examination of the petition and accompanying submission, the Court will confirm the arbitration award in its entirety. Summary judgment is appropriate here because [1] there are no material issues of fact, [2] the arbitrator did not act arbitrarily, outside his jurisdiction, or otherwise contrary to law, and [3] the arbitrator found, based upon sound reasoning and uncontested evidence adduced by Petitioners, that Euro-Build "owes delinquent fringe benefits and associated items" that shall be paid to the Funds. Pet, Ex. 1. Likewise, the dues and PAC, interest, audit costs, penalties, attorneys' fees, and arbitrator fees are supported by the relevant agreements and unrebutted evidence, including the Trust Agreement, and the arbitration rules adopted by the Trustees. Pet., Ex. 1; Haluk Savci Declaration ¶ 13–16, 21–22. Therefore, there is at least a "barely colorable" justification for each component of the Award. *D.H. Blair*, 462 F.3d at 104. Accordingly, the Court confirms the Award totaling $29,279.25 in favor of Petitioners.

Petitioners also seek "any legal costs incurred in confirming and enforcing the Award." Pet. ¶¶ 19. It is well-established, for purposes of confirming arbitration awards, that "when a challenger refuses to abide by an arbitrator's decision without justification, attorneys' fees and costs may properly be awarded." *Int'l Chem. Workers Union v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985) (internal quotation marks and citations omitted). Here, it is crystal clear that Euro-Build has failed to comply with—and has not proffered any justification for its failure to comply with—the Award and has failed to appear or respond in either the arbitration proceedings or the instant action, which persuades this Court that reasonable attorneys' fees are an appropriate equitable remedy. *Cf. Trustees of New York City Dist. Council of Carpenters*

*Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining Educ. & Indus. Fund v. Furniture Bus. Sols., LLC*, No. 20-CV-02867 (GHW), 2020 WL 6525466, at *3 (S.D.N.Y. Nov. 5, 2020) (internal quotation marks and citation omitted). The Court has reviewed the unopposed submissions from Petitioner and has not found any request for a specific amount of legal fees and costs to be awarded. Accordingly, if Petitioners still seek reasonable attorneys' fees and costs, they are directed to file a letter with the Court proposing a reasonable amount of fees and costs, with sufficient justification, to be awarded in this case.

Petitioners also seek "statutory interest to accrue from the date of the entry of [j]udgment." Pet. ¶ 19. As set forth in 28 U.S.C. § 1961, which covers actions seeking to confirm or enforce arbitration awards, Petitioners shall be awarded statutory interest at the appropriate rate accruing from the date that judgment is entered until payment is made. *See, e.g.*, *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100–01 (2d Cir. 2004).

For the reasons discussed above, the Petition to Confirm Arbitration Award is hereby **GRANTED**. If Petitioners so wish, they shall file a letter with the Court regarding reasonable attorneys' fees no later than 14 days from the date this decision is issued. The Clerk of Court is directed to (1) award judgment in favor of Petitioners and against Respondent in the amount of $29,279.25, plus post-judgment interest at the statutory rate in compliance with 28 U.S.C. § 1961, and to (2) terminate the motion at ECF No. 1.

**SO ORDERED.**

**Dated: April 15, 2022**
**New York, New York**                                    **ANDREW L. CARTER, JR.**
                                                          **United States District Judge**